IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| DARWIN JONATHAN LOPEZ NIETO,<br><br>*Petitioner*,<br><br>v.<br><br>WARDEN / OFFICER IN CHARGE, IAH Adult Detention Center; FIELD OFFICE DIRECTOR, U.S. Immigration and Customs Enforcement, Houston Field Office; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; and U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>*Respondents*. | § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 9:26-CV-00681<br>JUDGE MICHAEL J. TRUNCALE |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**

Before the Court is Petitioner Darwin Jonathan Lopez Nieto ("Petitioner")'s Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (the "Petition") [Dkt. 1]. For the reasons stated below, the Court **DENIES** the Petition.

## I. BACKGROUND

Petitioner is a citizen of Honduras who unlawfully entered the United States on or about August 4, 2021. [Dkt. 1 at 3–4]. He applied for asylum, withholding of removal, and protection under the Convention Against Torture. *Id.* at 4. On March 5, 2025, an Immigration Judge denied his applications and ordered him removed. *Id.* Petitioner appealed that decision to the Board of Immigration Appeals, and that appeal remains pending. *Id.* On July 15, 2026, Petitioner was stopped by a police officer and

ICE officer while on his way to work. *Id.* Petitioner was detained after the ICE officer learned he had no documentation. *Id.* Petitioner has remained in ICE detention ever since. *Id.*

Petitioner now asks this Court to grant habeas relief because his detention during ongoing removal proceedings has continued in the absence of additional process.[1] *Id.* at 5–6. The Petition specifies that the constitutional challenge is brought under the Due Process Clause of the Fifth Amendment and concedes that the statutory challenge is foreclosed by the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). *Id.* at 6.

## II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976). A petitioner is entitled to relief under § 2241 if he is held "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, 801 F. Supp. 3d 689, 696 (S.D. Tex. 2025).

## III. DISCUSSION

Under the current statutory scheme, noncitizens who have not been admitted or who arrive in the United States are "applicants for admission." 8 U.S.C. § 1225(a)(1). In a related provision, Congress provided for the detention of this group of individuals, stating that, "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for [removal proceedings] under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A). Thus, earlier this year, the Fifth Circuit made clear that applicants for admission are subject to mandatory detention without eligibility for bond. *Buenrostro-Mendez*, 166 F.4th at 502. Because Petitioner arrived in the

[1] In addition to his habeas petition, Petitioner also filed a Motion for a Temporary Restraining Order. [Dkt. 2].

United States without admission and has not shown that he is clearly entitled to be admitted, he is an "applicant for admission" under the Fifth Circuit's analysis.

Petitioner contends that the *Buenrostro-Mendez* decision did not consider the due process implications of prolonged detention while removal proceedings remain pending. [Dkt. 1 at 6, 13]. Recently, the Fifth Circuit weighed in on this very issue in *Rodriguez v. Vergara*, No. 26-50183, 2026 WL 3181188, at *4 (5th Cir. Oct. 23, 2026). That decision controls Petitioner's claims.

In *Rodriguez*, the Fifth Circuit rejected the argument that alien detainees are entitled to additional process under procedural due process principles. Specifically, the Fifth Circuit held that the key inquiry under § 1225(b) is whether the alien is an "applicant for admission" who is "clearly and beyond a doubt entitled to be admitted"; if he is not, then "he may be detained pending removal proceedings." *Id.* at *7 (citations omitted). An analysis under *Mathews v. Eldridge* does not bear on this inquiry because considerations such as dangerousness, flight risk, and lack of criminal history have no bearing on whether the petitioner is an applicant for admission. *Id.* at *8–9.

Here, Petitioner is an applicant for admission under *Buenrostro-Mendez*, as explained *supra*. That is enough under *Rodriguez* to justify his detainment while his removal proceedings remain ongoing. Petitioner's arguments that the Government lacks an individualized justification for detention,[2] that his detention is pretextual, and that he is neither a danger nor a flight risk do not affect

[2] Indeed, the fact that Petitioner is unlawfully present and is therefore an "applicant for admission" who is not "clearly and beyond a doubt entitled to be admitted" suffices as an individualized justification for detention.

his status as an applicant for admission and, therefore, the government's authority to detain him. *Rodriguez*, 2026 WL 3181188 at *8–9. The Court cannot grant habeas relief based on these arguments.

## IV. CONCLUSION

It is therefore **ORDERED** that Petitioner Darwin Jonathan Lopez Nieto's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Dkt. 1] is **DENIED**. Any and all pending motions are **DENIED AS MOOT**.

The Clerk is **INSTRUCTED** to **CLOSE THIS CASE**.

**SIGNED this 18th day of November, 2026.**

Michael J. Truncale
United States District Judge